UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARK PREMAN, on behalf of himself
and all others similarly situated,

CASE NO.: 6:16-cv-443ORL18 TJK

Plaintiff,

v.

POLLO OPERATIONS, INC.,

Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff Mark Preman, individually and on behalf of all others similarly situated, sues Defendant Pollo Operations, Inc. for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA"), and alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

## NATURE OF ACTION

1. Plaintiff brings this class action for damages and other equitable and legal remedies resulting from the illegal conduct of Defendant in negligently or knowingly and/or willfully sending text messages to the cellular telephones of Plaintiff and putative Class Members for non-emergency purposes using an automatic telephone-dialing system without their prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this matter because Plaintiff's claims arise from violations of the TCPA, which is a law of the United States. This Court also has original jurisdiction under 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds

1

$5,000,000.00, as each putative Class Member is entitled to $500.00 per text message negligently sent in violation of the TCPA, or $1,500.00 per text message knowingly and/or willingly sent in violation of the TCPA, exclusive of attorneys' fees, pre-judgment interest, and costs.

3. Under 28 U.S.C. § 1391, venue is proper in the Middle District of Florida (Orlando Division) because many of the acts giving rise to this action occurred in this District, Defendant conducts business in this District, and has intentionally availed itself of the laws and markets within this District.

## PARTIES

4. Plaintiff, Mark Preman ("**Plaintiff**"), is and was at all times relevant to this matter a resident of the state of Florida.

5. Defendant, Pollo Operations, Inc. ("**Pollo Operations**" or "**Defendant**"), is a Florida corporation. At all times relevant to this matter, Defendant was a citizen of the state of Florida with a principal place of business in Dallas, Texas. Pollo Operations, Inc. operates the Pollo Tropical restaurant brand, and is a subsidiary of Fiesta Restaurant Group, Inc.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227, *et seq.*

6. The TCPA, 47 U.S.C. §§ 227, *et seq.*, was enacted by Congress in 1991 to address consumer complaints about rampant telemarketing practices.

7. Section 227(b)(1)(A)(iii) bans the use of an autodialer to place telephone calls to cellular telephones unless the consumer has provided prior written consent to receive such calls, or the calls are placed for emergency purposes.

8. The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls. *Mims v. Arrow Fin. Servs., LLC*, --US--, 132 S. Ct., 740, 745, 181, L. Ed. 2d 881 (2012).

9. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

## NATURE OF THE ACTION

10. Pollo Operations operates Pollo Tropical, a Caribbean-themed chain restaurant with 124 locations in four states, including Florida, Texas, Georgia, and Tennessee.

11. Pollo Operations is a subsidiary of Fiesta Restaurant Group, Inc.

12. In an effort to increase its bottom line and garner market share in the restaurant industry, Pollo Operations engaged in a systemic marketing campaign, which involved sending Pollo Tropical coupons via text messages to consumers' cellular telephone numbers using an automatic telephone dialing system ("**ATDS**"). However, Defendant did not obtain prior written express consent for these text messages. As a result, many consumers received the above-described text messages to their cellular telephone numbers from Defendant, despite having no business relationship with Defendant.

13. By sending the unsolicited autodialed text messages to consumers' cellular telephone numbers, Defendant caused Plaintiff and Class Members to suffer actual harm, including the

aggravation and nuisance that necessarily accompanies the receipt of unsolicited text messages, and the monies paid to their wireless carriers for the receipt of such texts.

14. Defendant repeatedly sent, or caused to be sent, unsolicited text messages to consumers' cellular telephone numbers using an autodialer, in violation of the TCPA.

15. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease sending all unsolicited text messages and an award of statutory damages and actual damages to Class Members under the TCPA, together with costs and reasonable attorneys' fees.

## PLAINTIFF'S FACTUAL ALLEGATIONS

16. At all relevant times, Plaintiff was an individual residing in the state of Florida. He is a "person" as defined by 47 U.S.C. § 153(39).

17. Plaintiff has been a TracFone subscriber since 2007 and holder of his cellular telephone number, (727) XXX-6090, since January 2015.

18. Between January 2015 and February 2016, Defendant sent, or caused to be sent, fifteen to twenty (15-20) text messages to Plaintiff's cellular telephone number. The text messages originated from text code 52198, which is identified on the Pollo Tropical website as a text code associated with a program that "sends subscribers alerts regarding special deals, promotions, coupons, and other information from Pollo Tropical."

19. All of the text messages were sent using an ATDS, which has the capacity to store or produce telephone numbers to be texted, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice and to dial such numbers, as specified by 47 U.S.C § 227(a)(1).

20. Defendant's text messages, as received by Plaintiff, contained information including, but not limited to, the following promotions:

- Pollo Tropical: Buy One Get One Free Small TropiChop – Code 67. Exp. 1/21/16. Reply STOP to end;
- Pollo Tropical Weekend Deal: $2 Off Create Your Own Family Meal. Show Code 53. Exp. 2/2/16. Reply STOP to end; and
- Pollo Tropical: $1 off New Grilled Shrimp TropiChop or Wrap. One per customer. Show Code 97. Exp. 2/16/16. Reply STOP to end.

21. Plaintiff has not patronized a Pollo Tropical restaurant since approximately 2009.

22. Plaintiff did not provide his cellular telephone number to Defendant, nor did he ever provide prior express consent for Defendant to send text messages to his cellular telephone number regarding Pollo Tropical or any other subject matter.

23. The telephone number Defendant used to contact Plaintiff via an automatic telephone-dialing system was assigned to a cellular telephone service, as described in 47 U.S.C. § 227(b)(1)(A)(iii).

24. The pertinent text messages were not sent for emergency purposes, as defined in 47 U.S.C. § 227(b)(1)(A).

25. Defendant's sending of text messages using an automatic telephone-dialing system for non-emergency purposes and without Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

26. Pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), (b)(3) and (c)(4) and as detailed in the individual counts below, Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following persons ("**the Class**" or "**Class Members**"):

> All persons in the United States who, between March 16, 2012 and the present, (1) received a non-emergency text message to their cellular telephone numbers; (2) through the use of an automatic telephone dialing system; (3) from Defendant; (4) regarding Pollo Tropical.

The Class definition is subject to amendment as needed.

27. Excluded from the Class are Defendant, its employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their Court staff, and Plaintiff's counsel. Also excluded from this action are any claims for personal injury, wrongful death and/or emotional distress. Members of the above-defined Class can be easily identified through Defendant's records.

### Numerosity

28. At the time of filing, Plaintiff does not know the exact number of putative Class Members. There are currently 124 Pollo Tropical restaurants in the United States, including 107 locations in Florida, 10 locations in Texas, 5 locations in Georgia, and 2 locations in Tennessee. The volume of Pollo Tropical restaurant locations affirms that Class Members likely number in the thousands, and are geographically disbursed throughout the United States.

29. The alleged size and geographic disbursement of the putative Class, and relatively modest value of each individual claim, makes joinder of all Class Members impracticable or impossible.

### Predominance of Common Questions of Law and Fact

30. This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members. The common legal and factual questions include at least the following:

> a. whether Defendant used an automatic telephone-dialing system to send text messages to cellular telephones;

b. whether between March 2, 2012 and the present, Defendant used an automatic telephone-dialing system to send text messages to the cellular telephones of Plaintiff and putative Class Members;

c. whether Defendant is subject to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*;

d. whether Defendant can show that it obtained prior express consent from Plaintiff and putative Class Members to send text messages to their cellular telephones using an automatic telephone-dialing system;

e. whether Defendant's conduct violates the TCPA;

f. whether Defendant's conduct was negligent;

g. whether Defendant's conduct was knowing and/or willful;

h. whether Defendant is liable for damages, and the amount of such damages;

i. whether Plaintiff and putative Class Members are entitled to declaratory relief;

j. whether Defendant should be enjoined from engaging in such conduct in the future; and

k. whether Plaintiff and Class Members are entitled to any other remedy.

### Typicality

31. Plaintiff's claims are typical of the claims of the putative Class Members, as Plaintiff and Class Members have been injured by Defendant's uniform misconduct – the sending of text messages to cellular telephone numbers for non-emergency purposes using an automatic telephone-dialing system without prior express consent.

32. Plaintiff shares the aforementioned facts and legal claims and/or questions with all putative Class Members. Further, a sufficient relationship exists between Defendant's conduct and the damages sustained by Plaintiff and putative Class Members.

### Adequacy

33. Plaintiff will fairly and adequately protect the interests of putative Class Members and is committed to the vigorous prosecution of this action. Plaintiff has retained counsel experienced in complex consumer class action litigation and matters specifically involving TCPA violations. Plaintiff intends to prosecute this action vigorously, and has no interest adverse or antagonistic to those of the Class.

### Superiority

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members' claims is impracticable or impossible for at least the following reasons:

   a. The Class claims predominate over any questions of law or fact (if any) affecting only individual Class Members;

   b. Absent a Class, the Class Members will continue to suffer damage and Defendant's violations of the TCPA will continue without remedy;

   c. Given the size of individual Class Members' claims, few (if any) putative Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed and continues to commit against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

d. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts, while also increasing the delay and expense to all parties and the courts. Comparatively, the class action device provides economies of scale and allows Class Members' claims to be comprehensively administered and uniformly adjudicated in a single proceeding;

e. When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and determined uniformly by the Court;

f. No difficulty impedes the action's management by the Court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the damages caused to them by Defendant's uniform misconduct;

g. The litigation and trial of Plaintiff's claims are manageable;

h. Defendant has acted and/or refused to act on grounds generally applicable to Plaintiff and the Class by sending text messages to their cellular telephones for non-emergency purposes and without their prior express consent, rendering just and appropriate final injunctive relief for the Class; and

i. Because Plaintiff seeks injunctive relief and corresponding declaratory and equitable relief for the entire Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class

Members, and establishing incompatible standards of conduct for Defendant. Additionally, bringing individual claims would burden the courts and result in an inefficient method of resolving this action. As a practical matter, adjudications with respect to individual Class Members would be dispositive of the interests of other Class Members who are not parties to the adjudication and may impair or impede their ability to protect their respective interests. Consequently, class treatment is a superior method for adjudication of the issues in this case.

## CAUSES OF ACTION

### COUNT I
### Negligent Violation of the Telephone Consumer Protection Act
### 47 U.S.C. §§ 227, *et seq.*

35. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 34.

36. Without prior express consent, Defendant sent text messages for non-emergency purposes to the cellular telephones of Plaintiff and Class Members using an automatic telephone-dialing system with the capacity to store or produce telephone numbers to be called.

37. The foregoing acts constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*

38. Under 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged negligent violations of the TCPA, Plaintiff and Class Members are entitled to an award of actual damages and $500.00 in statutory damages for each and every non-emergency text message sent in violation of the TCPA.

39. Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

40. Plaintiff and Class Members are also entitled to an award of litigation costs.

## COUNT II
### Knowing and/or Willful Violation of the Telephone Consumer Protection Act
### 47 U.S.C. §§ 227, *et seq.*

41. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 34.

42. Without prior express consent, Defendant sent text messages for non-emergency purposes to the cellular telephone numbers of Plaintiff and Class Members using an automatic telephone-dialing system with the capacity to store or produce telephone numbers to be called.

43. The foregoing acts constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each of the above cited provisions of 47 U.S.C. §§ 227, *et seq.*

44. Pursuant to 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff and Class Members are entitled to an award of actual damages and $1,500.00 in statutory damages for each and every non-emergency text message sent in violation of the statute.

45. Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

46. Plaintiff and Class Members are also entitled to an award of litigation costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all putative Class Members the following relief against Defendant:

A. $500.00 in statutory damages for each and every text message negligently sent by Defendant in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

B. $1,500.00 in statutory damages for each and every text message willfully sent by Defendant in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

C. An award of actual damages resulting from Defendant's violations of the TCPA;

D. Injunctive relief prohibiting future violations of the TCPA;

E. An award of litigation costs to Plaintiff's counsel;

F. An order certifying this matter as a class action pursuant to Federal Rule of Civil Procedure 23, certifying the Class defined herein, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel; and

G. Any additional relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts so triable.

Dated: March 16, 2016

Respectfully submitted,

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**

/s/ _____
Jonathan B. Cohen (Florida Bar No. 0027620)
John A. Yanchunis (Florida Bar No. 324681)
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434
jcohen@forthepeople.com
jyanchunis@forthepeople.com

and

**MORGAN & MORGAN, P.A.**
Tav Gomez (Florida Bar No. 0338620)
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 225-6745
tgomez@forthepeople.com

*Attorneys for Plaintiff*