UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARK PREMAN, on behalf of himself
and all others similarly situated,

CASE NO.: 6:16-cv-00443-CEM-GJK

Plaintiff,

v.

POLLO OPERATIONS, INC.,

Defendant.

## DEFENDANT POLLO OPERATIONS, INC.'S
## MOTION TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) and 12(b)(6)

Defendant Pollo Operations, Inc. ("Pollo") moves to dismiss Plaintiff Mark Preman's ("Plaintiff") putative class action Complaint[1], and states as follows:

### INTRODUCTION

Plaintiff claims that Pollo sent promotional text messages to him and a putative class of consumers in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A), which makes it unlawful to use an "automatic telephone dialing system" ("ATDS") to "make any call" without "the prior express consent of the called party." A text message is considered a "call" in the Eleventh Circuit. *See, e.g., Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1305 (11th Cir. 2015). The TCPA defines an ATDS as "equipment which has the capacity --- (A) to store or produce numbers to be called, using a

---

[1] Pollo is simultaneously filing its Motion to Stay Proceedings ("Motion to Stay"), in which Pollo requests, in the alternative to the relief sought in this Motion to Dismiss, that this Court stay this matter pending the United States Court of Appeals for the District of Columbia Circuit's resolution of issues relevant to those raised in this matter in consolidated petitions for review of a July 10, 2015 omnibus declaratory ruling and order regarding the TCPA issued by the Federal Communications Commission. *ACA International et al. v. Federal Communication Commission and United States of America*, United States Court of Appeals for the District of Columbia Circuit, No. 15-1211 (and consolidated cases).

1

random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The allegations of Plaintiff's Complaint fail to plead a concrete injury sufficient to give this Court subject matter jurisdiction over this case pursuant to Federal Rule of Civil Procedure 12(b)(1). In the alternative, Plaintiff's Complaint fails to state a claim as a matter of law, and the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the simple reason that Plaintiff has failed to adequately plead that Pollo used an ATDS to send the alleged text messages.

## LEGAL STANDARD

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). "Subject matter jurisdiction must be affirmatively shown in the record before considering the merits of any case." *Ramirez v. Gonzalez*, No. 6:08-cv-20-Orl-19GJK, 2008 WL 190589, at *1 (M.D. Fla. Jan. 22, 2008) (citing *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005)). A party may contest the existence of subject matter jurisdiction over the claims alleged in a complaint via a motion pursuant to Federal Rule of Civil Procedure 12(b)(1). Rule 12(b)(1) motions challenging the subject matter jurisdiction of the court come in two forms, a "facial" attack motion and a "factual" attack motion. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). A facial attack, such as Pollo's, challenges subject matter jurisdiction based upon the allegations in the Complaint, and the Court takes the allegations in the Complaint as true in deciding the motion. *See id*. Thus, the facial attack closely resembles the Rule 12(b)(6) standard. *Doe v. Pryor*, 344 F.3d 1282, 1284-85 (11th Cir. 2003).[2]

---

[2] A factual attack enables a court to consider facts outside the pleadings such as testimony and affidavits, as long as the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's cause of action. *See Morrison*,

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (citations and internal punctuation omitted); *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1252 (M.D. Fla. 2012) (dismissing plaintiff's TCPA claim for failure to provide sufficient allegations regarding the calls that were placed).

The standard of facial plausibility is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* As will be explained in detail below, the allegations in Plaintiff's Complaint fail to rise beyond the level of a threadbare recital of the statutory elements of a TCPA cause of action, and Plaintiff's attempt to supplement this recital with legal conclusions does not save his claim. Accordingly, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6).

---

323 F.3d at 924-25. The label placed on the motion (*i.e.*, "facial" or "factual") is not determinative. *See Troiano v. Supervisor of Elections in Palm Beach Cty., Fla.*, 382 F.3d 1276, 1278 n.2 (11th Cir. 2004).

3

## BACKGROUND INFORMATION

In this case, Plaintiff, on behalf of himself and a putative class of similarly situated individuals, sues Pollo for allegedly violating the TCPA by "negligently or knowingly and/or willfully sending text messages to the cellular telephones of Plaintiff and putative Class Members for non-emergency purposes using an automatic telephone-dialing system without their prior express consent, in violation of the [TCPA]." Complaint, ¶ 1. Plaintiff alleges that "In an effort to increase its bottom line and garner market share in the restaurant industry, [Pollo] engaged in a systemic marketing campaign, which involved sending Pollo Tropical coupons via text messages to consumers' cellular telephone numbers using an automatic telephone dialing system[.]" *Id.*, ¶ 12. As a result of receiving these allegedly "unsolicited autodialed text messages," Plaintiff and the putative class members claim to have suffered "actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text messages, and the monies paid to their wireless carriers for the receipt of such texts."[3] *Id.*, ¶ 13.

Concerning himself, Plaintiff alleges that between January 2015 and February 2016, Pollo sent, or caused to be sent, "fifteen to twenty" text messages containing "alerts regarding special deals, promotions, coupons, and other information from Pollo Tropical" to Plaintiff's cellular telephone number, "(727) XXX-6090", which was furnished to him by TracFone in January 2015. Complaint, ¶¶ 17-18. Without elaborating beyond a mere recital of the statutory description of an automatic telephone dialing system, Plaintiff claims that Pollo sent "all of

---

[3] Plaintiff does not acknowledge the overwhelming likelihood that at least some putative class members were not actually charged for receiving the alleged text messages, due to the fact that their cellular plans provide unlimited text messaging. Plaintiff does not allege whether he was charged for the text messages allegedly sent by Pollo. In *Spokeo, Inc. v. Robins*, No. 13-1339, 2016 WL 2842447, at *7-8 (May 16, 2016), the United States Supreme Court stated that, in order to have standing to bring suit under Article III, a plaintiff must plead a concrete injury, not just a mere technical violation of a statute. In light of that decision, there is substantial doubt as to whether Plaintiff and the putative class members would have an actual injury sufficient to confer standing.

4

the[se] text messages. . . using an ATDS[.]" *Id.*, ¶ 19. Plaintiff quotes partially from the promotional information allegedly contained in three of these purported text messages, including the words "Reply STOP to end" in each message. *Id.*, ¶ 20. Plaintiff alleges that he did not provide his cellular telephone number to Pollo, and that he never provided express written consent for Pollo to send text messages to this number, therefore Pollo allegedly violated the TCPA by sending him non-emergency text messages using an ATDS. *Id.*, ¶¶ 22-25.

Plaintiff purports to represent a class comprising "All persons in the United States who, between March 16, 2012 and the present" received non-emergency text messages sent by Pollo using an ATDS regarding Pollo Tropical. *Id.*, ¶ 26. Plaintiff seeks injunctive relief, statutory damages, and litigation costs for negligent violation of the TCPA (Count I) or knowing and/or willful violation of the TCPA (Count II). *See* Complaint, ¶¶ 35-46 and Prayer for Relief. As will be explained below, Plaintiff and his putative class are not entitled to any of the requested relief for three reasons: (1) because Plaintiff fails to adequately plead actual, concrete injury, as opposed to a mere technical statutory violation, under the United States Supreme Court's recent *Spokeo* decision; (2) because Plaintiff's Complaint is not pled with the specificity required under the Federal Rules of Civil Procedure; and (3) because Plaintiff has failed to allege mitigation of his alleged damages.

## ARGUMENT

**I. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO THE UNITED STATES SUPREME COURT'S RECENT *SPOKEO* DECISION**

Plaintiff's Complaint should be dismissed in its entirety under the United States Supreme Court's recent decision in *Spokeo, Inc. v. Robins*, in which the Court confirmed that a plaintiff must allege a real, "concrete" injury, as opposed to mere technical statutory violation, in order to have standing to sue under Article III of the United States Constitution. *See* 2016 WL 2842447,

5

at *7 ("Article III standing requires a concrete injury even in the context of a statutory violation."); *see also Khan v. Children's Nat'l Health Sys.*, No. 8:15-cv-02125-TDC[4] at 15 (D. Md. May 19, 2016) (citing *Spokeo* in support of holding that plaintiff "has failed to connect the alleged statutory and common law violations to a concrete harm").[5]  In a thinly-veiled attempt to evade a potential adverse outcome in *Spokeo* (which was decided after Plaintiff filed his Complaint), Plaintiff half-heartedly alleges "actual harm" arising from the receipt of text messages, "including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text messages" as well as "monies paid to . . . wireless carriers for the receipt of such texts."  Complaint, ¶ 13.  Because Plaintiff does not allege that he personally paid for the text messages he allegedly received from Pollo, he has not pled any cognizable "actual injury;" alleged "aggravation" supposedly attributable to receiving approximately one text message a month is not the type of concrete injury that merits standing under Article III.

It does not help Plaintiff that some members of the putative class he seeks to represent might actually be able to allege concrete injury sufficient to confer standing.  As the Supreme Court points out in *Spokeo*, "That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'"  *Spokeo*, 2016 WL 2842447 at *5, n.6 (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40, n.20 (1976) (internal citation omitted)).  Accordingly, Plaintiff's Complaint should be dismissed.

---

[4] This order is not yet available on Westlaw. A copy of the order is attached hereto as **Exhibit A**.

[5] Given the recency of the United States Supreme Court's decision in *Spokeo*, Pollo respectfully requests that it be allowed to submit any additional relevant opinions that might be issued before this Court's resolution of this motion.

6

II. **PLAINTIFF HAS NOT SUFFICIENTLY ALLEGED THAT POLLO USED AN AUTOMATED TELEPHONE DIALING SYSTEM TO MAKE THE CALLS AT ISSUE IN THIS MATTER.**

  A. **Plaintiff's Allegations Merely Track the Language of the TCPA, which is Insufficient to State a Claim.**

Plaintiff has not pled facts sufficient to sustain his claim that Pollo used an automated telephone dialing system ("ATDS") to send the text messages at issue in this case. Instead, he alleges only that:

- "Defendant repeatedly sent, or caused to be sent, unsolicited text messages to consumers' cellular telephone numbers using an autodialer, in violation of the TCPA" (Complaint, ¶ 14);

- "All of the text messages were sent using an ATDS, which has the capacity to store or produce telephone numbers to be texted, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice and to dial such numbers, as specified by 47 U.S.C. § 227(a)(1)" (Complaint, ¶ 19);

- Pollo's sending of text messages using an automatic telephone-dialing system for non-emergency purposes and without Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A) (Complaint, ¶ 25); and

- "Without prior express consent, Defendant sent text messages for non-emergency purposes to the cellular telephones of Plaintiff and Class Members using an automatic telephone-dialing system with the capacity to store or produce telephone numbers to be called." (Complaint, ¶¶ 36, 42).

These allegations lack the requisite specificity to state a claim for violation of the TCPA. As this Court has found, "To state a claim under Section 227(b)(1)(A)(iii), a plaintiff must plausibly allege --- not merely assert --- facts suggesting that the defendant used a[n] automated telephone dialing system." *Weaver v. Wells Fargo Bank, N.A.*, No. 8:15-cv-1247-T-23TGW, 2015 WL 4730572, at *3 (M.D. Fla. Aug. 10, 2015). In *Weaver*, the plaintiff merely asserted that Wells Fargo used an ATDS, which was, in this Court's estimation, not a "factual predicate concrete enough to warrant further proceedings." *Id.* at *3; *see also Speidel v. JP Morgan Chase & Co.*, No. 2:13-cv-852-FtM-29DNF, 2014 WL 582881, at *2 (M.D. Fla. Feb. 13, 2014)

("[P]laintiff alleges that defendant willfully violated the [Section 227(b)(1)(A)(iii)] by placing calls using an automatic dialing system…No additional allegations are provided. The Court finds that such allegations merely follow the language of the statute . . . . [Thus, the plaintiff's claim] lacks adequate factual support.").

Plaintiff fails to meet this burden here. Rather, he repeatedly alleges that Pollo used an ATDS, parroting language from the TCPA. Allegations like "Defendant sent text messages for non-emergency purposes to the cellular telephones of Plaintiff and Class Members using an automatic telephone-dialing system with the capacity to store or produce telephone numbers to be called" (Complaint, ¶¶ 36, 42) simply repeat catch-phrases from the language of the TCPA, which is not enough to state a claim for violation of the statute.

Symptomatic of the infirmity of Plaintiff's Complaint is paragraph 19, in which he states "All of the text messages were sent using an ATDS, which has the capacity to store or produce telephone numbers to be texted, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice and to dial such numbers, *as specified by 47 U.S.C. § 227(a)(1).*" Complaint, ¶ 19 (emphasis added) In other words, Plaintiff alleges only that Pollo employed *some* type of device that has *some* characteristic or characteristics that violates the TCPA. This is not enough.

Rule 8 of the Federal Rules of Civil Procedure requires more than just notice of a claim—it also requires "**sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face**". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted) (emphasis added). Plausible, meanwhile, means allegations that are more than "merely consistent with" wrongdoing. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) ("The need at the pleading stage for allegations plausibly suggesting (not merely consistent with)

8

[misconduct] reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" (internal citations omitted)). Here, Plaintiff fails to allege facts sufficient to show, for example, that Pollo used a device to send text messages that did not require human intervention.[6] A vague allegation that the purported auto-dialing device had some or all of the features listed in the relevant statute is not enough to satisfy Rule 8. Since Plaintiff fails to plead one of the essential elements of a TCPA claim, that Pollo used an ATDS, the Complaint must be dismissed.

### B.  Plaintiff Fails to Allege Circumstances Suggesting That Pollo Used an ATDS.

Courts that reject motions to dismiss based upon deficient ATDS allegations do so because plaintiffs have gone beyond recitation of the statutory elements and supplied facts suggesting that defendants *actually used* such a device. *See, e.g., Reid v. GE Capital Retail Bank*, No. CV 114-079, 2014 WL 6981426, at *2 (S.D. Ga. Dec. 9, 2014) ("In light of a plaintiff's difficulty in obtaining information about the equipment used to make a call prior to discovery, a plaintiff can avoid dismissal by alleging facts about the circumstances surrounding the call sufficient to create a plausible inference that the call was made using an A.T.D.S."); *Legg v. Voice Media Grp., Inc.*, 990 F. Supp. 2d 1351, 1354 (S.D. Fla. 2014) (citing voluminous consumer complaints about text messages received from the defendant, which would be impracticable without the use of an ATDS); *Neptune v. Whetstone Partners, LLC*, 34 F. Supp. 3d 1247, 1250 (S.D. Fla. 2014) (noting plaintiff's allegations that defendant called 45 times, including several times in one day and on back-to-back days, and used prerecorded messages with generic content).

---

[6] The TCPA only prohibits autodialers that, among other things, have the ability to make calls "without human intervention." *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 566 (¶ 13) (2008).

9

Here, Plaintiff alleges only that Pollo sent 15-20 messages over a thirteen-month period (Complaint, ¶ 18), which does not support an inference that Pollo used a TCPA-prohibited dialing device. *See, e.g., Freidman v. Massage Envy Franchising, LCC*, No. 3:12-cv-02962-L-RBB, 2013 WL 3026641, at *2 (S.D. Cal. June 13, 2013) ("The text messages are generic and impersonal, as Plaintiffs assert, but that is not enough to make the claims plausible. [Citation] It is just as conceivable that the text messages were sent by hand, or not using an ATDS.") Although Plaintiff describes some content of three of the messages, he does not specify the date or time they were allegedly sent or any other facts supporting a claim that the messages were sent by a system that meets the TCPA's requirements for classification as an ATDS. Accordingly, Plaintiff has not alleged factual support sufficient to survive a Rule 12(b)(6) motion to dismiss.

### III. PLAINTIFF'S DAMAGES CLAIM IS COMPLETELY OR, IN THE ALTERNATIVE, PARTIALLY BARRED AS A MATTER OF LAW.

When the TCPA was enacted in 1991, text messaging was a thing of the future. The current petitions to vacate various elements of the Federal Communications Commission's July 10, 2015 omnibus declaratory ruling and order demonstrate the ongoing push and pull between technological advances and the law that governs them. *See* Motion to Stay, pp. 5-7 (discussing same). Pollo acknowledges that courts have held that a plaintiff is under no duty to mitigate statutory damages in TCPA actions. *See George v. Leading Edge Recovery Sols., L.L.C.*, No. 8:13-cv-484-T-24-TBM, 2013 WL 3777034, at *2 (M.D. Fla. July 18, 2013).

The advancement of messaging technology, and the relative ease of replying to a text message, provide good faith grounds, however, for extension of the duty to mitigate damages to statutory TCPA damages in the case of text messages. Plaintiff quotes partially from the promotional information allegedly contained in three of the text messages he alleges to have

10

received from Pollo, including the words "Reply STOP to end" in each message. Complaint, ¶ 20. Plaintiff alleges that he received "fifteen to twenty (15-20) text messages" over a thirteen-month period. *Id.*, ¶ 18. Plaintiff does not allege that he replied "STOP" to any of the messages he claims to have received from Pollo.[7] "It is well established under Florida law that a party cannot recover damages he could have prevented through the exercise of reasonable care and diligence." *Messer v. E.F. Hutton & Co.*, 833 F.2d 909, 921 (11th Cir. 1987) (citing *Graphic Associates, Inc. v. Riviana Rest. Corp.*, 461 So. 2d 1011, 1014 (Fla. Dist. Ct. App. 1984)). Pressing "STOP" when clearly prompted to do so clearly falls under the "exercise of reasonable care and diligence," and Plaintiff and the putative class members should be precluded from claiming damages for any messages beyond the first message they received.[8] If this Court extends mitigation of damages to statutory TCPA damages for text messages and the FCC's "one call" safe harbor for reassigned numbers is upheld by the D.C. Circuit Court of Appeals, many putative class members will be barred from recovery if they received only one call and failed to act on clear "STOP" instructions.

---

[7] As set forth in Pollo's concurrently-filed Motion to Stay Proceedings, the United States District Court of Appeals for the District of Columbia Circuit is currently considering petitions requesting that court to vacate the FCC's statement in its July 10, 2015 omnibus declaration and order that recipients of reassigned cellular telephone numbers are under no affirmative duty to opt out of promotional calls or text messages to which the previous holder of the number consented. *See* Defendant Pollo Operations, Inc.'s Motion to Stay Proceedings, p. 14. If the D.C. Circuit Court of Appeals vacates this portion of the FCC's order, Plaintiff's and the putative class members' statutory damages claims could be wiped out entirely, or at least dramatically reduced, to the extent it is revealed that Plaintiff and/or any putative class members received reassigned cellular telephone numbers. *See id.*

[8] As noted above, Plaintiff seeks damages for "actual harm" such as "aggravation and nuisance," which do not rise to the level of "concrete" damages required under *Spokeo*. Complaint, ¶ 13. The TCPA creates a private right of action to "recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B). To the extent Plaintiff and the putative class even purport to be seeking actual damages, this claim *is* subject to a duty to mitigate damages. *See George*, 2013 WL 3777034, at *2. Any actual damages that Plaintiff and any putative class member seek beyond the first alleged text message received from Pollo are barred by the recipients' failure to allege that they indeed replied "STOP" upon receipt of the first message.

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Pollo Operations, Inc., respectfully requests, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, that this Court dismiss the above-captioned action in its entirety and grant such other and further relief as justice may require.

Respectfully submitted,

*/s/ Sandra J. Millor*
Sandra J. Millor
FBN 013742
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, FL 33131
Tel: 305.374.5600
Fax: 305.374.5095
sandra.millor@akerman.com

and

Jason L. Margolin
FBN 69881
AKERMAN LLP
401 East Jackson Street
Suite 1700
Tampa, FL 33602
Tel: 813.209.5009
Fax: 813.223.2837
jason.margolin@akerman.com

*Attorneys for
Defendant Pollo Operations, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on this 23rd day of May, 2016. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List via transmission of Notice of Electronic Filing generated by CM/ECF.

/s/ *Sandra J. Millor*
Attorney

**SERVICE LIST**

Jonathan B. Cohen
  jcohen@forthepeople.com
John A. Yanchunis
  jyanchunis@forthepeople.com
Tav Gomez
  tgomez@forthepeople.com
MORGAN & MORGAN
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: 813.223.5505
Facsimile: 813.222.2434