# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARK PREMAN,**

      **Plaintiff,**

**v.**                                            Case No: 6:16-cv-443-Orl-41GJK

**POLLO OPERATIONS, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS (Doc. No. 40)
>
> **FILED:** February 3, 2017
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I. FACTUAL BACKGROUND

### A. The Class Action Complaint

The matter before the Court is a proposed class action settlement under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (the "TCPA"). Doc. No. 1. Defendant operates Pollo Tropical, a Caribbean-themed restaurant with locations in Florida, Texas, Georgia, and Tennessee. *Id.* at 3. Defendant engaged in a marketing campaign which involved sending Pollo Tropical coupons via text message to consumers' cellular phones. *Id.* Defendant allegedly used an

automatic telephone dialing system to send the coupons. *Id.* Defendant obtained consent from mobile phone subscribers (the "Initial Owners") before sending the coupons. Doc. No. 41-1 at 3. After an Initial Owner ended their subscription, the Initial Owner's cellular phone number was sometimes reassigned (the "Recycled Numbers") to a new owner. *Id.* Some of those new owners (the "New Owners") would receive text coupons from Defendant. *Id.* Defendant did not obtain written consent from the New Owners to send text messages to them. Doc. No. 1 at 3.

Plaintiff, a new owner, allegedly received text coupons from Defendant between January 2015 and February 2016. *Id.* Plaintiff did not provide express consent to receiving the text messages. *Id.* at 5. On March 17, 2016, on behalf of a number of New Owners, Plaintiff filed a class action complaint against Defendant (the "Complaint") asserting two causes of action under the TCPA. *Id.* at 10-11. Count I alleges that Defendant negligently violated the TCPA. *Id.* at 10-11. Count II alleges that Defendant knowingly or willfully violated the TCPA. *Id.* at 11.

### B. The Settlement

On October 24, 2016, the parties filed a mediation report stating that they reached an agreement in principle to settle the case. Doc. No. 36 at 1. On January 30, 2017, the parties filed a joint status report stating that they have reached agreement on the framework of a class-wide settlement. Doc. No. 38 at 1. On February 3, 2017, Plaintiff filed an Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (the "Motion") pursuant to Federal Rule of Civil Procedure 23(b)(3). Doc. No. 40.

In the Motion and an attached memorandum of law (Doc. No. 41), the parties request a Court order: 1) scheduling a preliminary settlement approval hearing to determine whether the proposed settlement agreement (the "Agreement") should be preliminarily approved and the proposed Settlement Class should be certified; 2) certifying, for settlement purposes, the proposed

Settlement Class pursuant to Federal Rule of Civil Procedure 23(a), (b)(3), and (e) and granting preliminary approval of the Agreement in accordance with an attached proposed order (the "Proposed Preliminary Order"); 3) approving the notice plan set forth in the Agreement and the form and content of the notice attached thereto (the "Proposed Notice"); 4) approving the Angeion Group as the Settlement Administrator and directing that the Proposed Notice be provided to the Settlement Class; 5) approving and ordering the opt-out and objection procedures set forth in the Agreement; 6) requiring objections, if any, to the Agreement to be submitted no later than forty-five days before the date set for the final settlement approval hearing; 7) appointing Plaintiff as Class Representative; 8) appointing John A. Yanchunis, Sr., and Jonathan Cohen as Class Counsel; 9) requiring any application by Class Counsel for attorneys' fees, costs, and expenses to be filed and served no later than ten business days prior to the final settlement approval hearing; and 10) scheduling a final settlement approval hearing to determine whether the proposed settlement, a motion seeking a service award to the Class Representative, and/or a motion for attorneys' fees, costs, and expenses to Class Counsel should be finally approved.[1] Doc. No. 40 at 1-2; Doc. No. 41 at 20-21.

In support of the Motion, Plaintiff attaches, *inter alia*: 1) the Agreement; 2) the Proposed Notice; 3) the Proposed Preliminary Order; and 4) a proposed order of final judgment and dismissal with prejudice (the "Proposed Final Order"). Doc. Nos. 41-1, 41-2, 41-3, 41-4.

---

[1] The undersigned notes that the parties have requested a hearing regarding approval of the Agreement and certification of the Settlement Class while at the same time requesting that the Court enter an order approving the Proposed Preliminary Order and Proposed Notice. Doc. No. 40 at 1; Doc. No. 41 at 20-21. Nevertheless, for the reasons stated below, the undersigned finds no need to hold a hearing at this juncture.

### C. The Settlement Terms

#### 1) Effective Date

The Agreement states that it shall not be effective until the Effective Date, which it defines as the later of: 1) the date the Court enters Final Judgment substantially in the form of the Proposed Final Order submitted by the parties (Doc. No. 41-2) or in another form agreed to by the parties; or 2) should a class member object to the settlement, the date on which the period for filing an appeal related thereto has expired or the date on which the settlement and final judgment have been affirmed in all material respects by an appellate court of last resort. Doc. No. 41-1 at 11. On the Effective Date, all members of the Settlement Class who did not opt-out are permanently enjoined from initiating any lawsuit against the released parties arising out of the released claims. *Id.* at 14-15. The Agreement defines the released claims "as any and all claims … whether known or unknown … that have been, could have been, or in the future might be asserted that arise out of or relate to … [the] transmission of text messages between March 1, 2012 and today's date." *Id.* at 13.

#### 2) The Settlement Fund

The parties to the Agreement are Plaintiff, Defendant, and Heartland Commerce, Inc. ("Heartland"), an interested non-party.[2] Doc. No. 41-1 at 2. The Agreement's release implies that Heartland was involved in the transmission of Defendant's text messages to the New Owners. *See id.* at 12-13 (stating that the members of the Settlement Class release "any and all claims … that arise out of or relate to Defendant's or the Interested Non-Party's transmission of text messages between March 1, 2012 and today's date"). Defendant and Heartland have agreed to provide a settlement fund of $975,000 (the "Settlement Fund"). *Id.* at 8. Class members who timely file a

---

[2] The Agreement's releases shall flow to the entire supply chain involved in providing the text messages at issue. Doc. No. 41-1 at 5.

claim form shall be paid a pro rata share of the Settlement Fund, up to $50 per phone number.[3] *Id.* at 9. Such an amount will be given regardless of the number of texts a class member may have received or the number of class members assigned to a single phone number. *Id.*

Plaintiff shall be paid $5,000 dollars from the Settlement Fund as a class representative service award. *Id.* at 11. The amount of attorneys' fees to be paid to Class Counsel is subject to Court review, but the Agreement provides for a proposed fee of twenty-five percent of the Settlement Fund, which amounts to $243,750. *Id.* Class Counsel shall also be reimbursed for their actual costs and expenses, also subject to the Court's approval, which shall not exceed $5,000. *Id.*

### 3) The Settlement Class

The Settlement Class is defined as follows:

> <u>All persons who received a text message(s) on behalf of Pollo Tropical from March 1, 2012 until the present date to a telephone number that had been reassigned</u> to the recipient after the original or prior owner of the telephone number consented to receiving such text messages from Pollo Tropical. Excluded from the Settlement Class are: (a) Defendant and its present and former officers, directors, employees, shareholders, insurers, and their successors, heirs, assigns, and legal representatives; and (b) the Court and members of the Court's staff.

Doc. No. 41-1 at 6 (emphasis added). Thus, the Settlement Class is an opt-out class under Rule 23(b)(3) and that includes all New Owners who, from March 1, 2012, to the present, received a text message from Pollo Tropical, provided that the new owner does not fall within the specified exclusions. *Id.*

After defining the Settlement Class, the Agreement appears to create a subset of the Settlement Class:

---

[3] According to the Agreement and the Proposed Notice, if a class member does not return a completed claim form within sixty days from the notice date (and does not opt-out of the class according to the procedures stated in the Proposed Notice), then the class member will remain in the class, be bound by the judgment and release, but will receive nothing. Doc. Nos. 41-1 at 9; 41-4 at 3.

> A method for identifying the Recycled Numbers that comprise the Settlement Class has been agreed upon by the Parties. Specifically, the list of Recycled Numbers shall consist of such numbers exchanged between the parties and not attached to [the Agreement] that received a text after the date of an apparent change in ownership occurred based on certain objective criteria, which is a subset of such numbers.

*Id.* at 6-7 (emphasis added). Thus, the parties purport to identify the "Recycled Numbers that comprise the Settlement Class."[4] *Id.* The list of Recycled Numbers that comprise the Settlement Class consists of numbers that received a text after the date an apparent change in ownership occurred based on certain objective criteria. *Id.* The list of Recycled Numbers has been exchanged between the parties and is not attached to the Agreement. *Id.* The parties do not address how they arrived at the original population of phone numbers, how they arrived at the unspecified objective criteria, or provide any information about how such criteria were applied to the larger population of phone numbers. *Id.* The Angeion Group is to correspond the list of Recycled Numbers to the New Owners' addresses and send the Proposed Notice to those addresses. *Id* at 7.

**4) Notice**

The parties attach the Proposed Notice detailing, *inter alia*: 1) the nature of the lawsuit; 2) the names of counsel; 3) the reason for receiving the notice; 4) the date and time of the final settlement hearing; and 5) the proposed settlement. Doc. No. 41-4 at 2-3. Seven days after preliminary approval of the class action settlement, the Proposed Notice will be mailed to the addresses identified by the Angeion Group.[5] Doc. No. 41-1 at 9. The Agreement states that the Proposed Notice shall be "mailed to the addresses that are identified as being affiliated with each

---

[4] Of course, the Agreement previously defined the persons who would fall within the Settlement Class, and the Recycled Numbers are not persons.

[5] As the proposed Settlement Administrator, the Angeion Group will perform a number of tasks including: 1) mailing notices to the class members; 2) assisting the class members; 3) verifying all submitted claims; 4) maintaining a website regarding the settlement; 5) informing the parties of class members who opted out of the settlement; and 5) providing to the parties a list of accepted and rejected claims and the total to be paid to each claimant. Doc. No. 41-1 at 6.

of the Recycled Numbers." *Id.* at 8. The Agreement also provides that the parties will request that the Court approve mailing of the Proposed Notice to addresses identified by a "reverse telephone number append …." *Id.* at 8-9. The Angeion Group may engage in additional methods in determining the identity of the Owner of any Recycled Number in the event that the reverse telephone number search is unsuccessful. *Id.* at 9.

Class members will have sixty days from the mailing date to submit their claims to the Settlement Fund. *Id.* Should a class member desire to submit a claim, he or she must complete the proof of claim attached to the Proposed Notice. Doc. No. 41-4 at 2. The class member must provide their full contact information and must verify ownership of a Recycled Number. *Id.* In order to confirm that each class member did not give consent to receive the text coupons, the name submitted on the proof of claim cannot match the name of an Initial Owner. Doc. No. 41-1 at 9. Furthermore, each class member must identify the date he or she obtained ownership of the Recycled Number. *Id.*

The Proposed Notice also provides procedures for objecting to the settlement or opting out of it. Doc. No. 41-4 at 3. To object to the settlement, a class member must file a written objection with the Clerk no later than forty-five days before the date set for the final settlement hearing. Doc. No. 41-3 at 5. Copies of the written objection must be served on counsel for Plaintiff and Defendant. Doc. No. 41-4 at 3. The Proposed Notice also states that the class member must attend the final approval hearing for the Court to consider the objection. *Id.* To opt-out of the settlement, a class member must postmark a written request for exclusion within sixty days of the date the Proposed Notice is sent. Doc. No. 41-1 at 9; Doc. No. 41-4 at 3. The written request must be sent to counsel for Plaintiff and Defendant. *Id.*

## II. APPLICABLE LAW

The parties seek, *inter alia*, preliminary approval of the Agreement, preliminary certification of the Settlement Class, appointment of Plaintiff's counsel as Class Counsel, and approval of the Proposed Notice and the procedures thereto. *See supra* pp. 2-3. Before such relief is given, the Court must make a preliminary determination as to whether the settlement is fair and adequate. Fed. R. Civ. P. 23(e)(2), (e)(1). The Court must also certify the Settlement Class for settlement purposes. Fed. R. Civ. P. 23(c).

### A. Preliminary Approval

The Court is required "to make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." *Fresco v. Auto Data Direct, Inc.* No. 03–61063–CIV, 2007 WL 2330895, at *4 (S.D. Fla. May 14, 2007). When making such a determination, the Court decides whether the proposed settlement "is within the range of possible approval or, in other words, [if] there is probable cause to notify the class of the proposed settlement." *Id.* (citations and quotations omitted). "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *In re Checking Account Overdraft Litigation*, 275 F.R.D. 654, 661 (S.D. Fla. 2011) (citations omitted). After determining the fairness of the settlement terms, the Court must "communicate the proposed settlement to the class, <u>review and approve the proposed form of notice to the class</u>, and … authorize the manner and form of dissemination of the notice." *Family Med. Pharmacy, LLC v. Perfumania Holdings*, No. 15-0563-WS-C, 2016 WL 7320885, at *5 (S.D. Ala. Dec. 14, 2016) (citations omitted) (emphasis added). If the Court finds the proposed settlement defective, it generally cannot rewrite it. *See Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1160 (11th Cir. 1983) ("Courts are not permitted to modify settlement terms or in any manner to

rewrite the agreement reached by the parties"). Instead, the Court may only accept or reject the settlement. 4 Newberg on Class Actions § 13:12 (5th Ed. 2014).

### B. Certification of a Settlement Class

Although the matter is not currently before the Court for final approval of the Settlement Class, it is helpful to keep the requirements of Rule 23 for certification of a settlement class in mind when determining whether certifying the settlement is within the range of possible approval. "A class may be certified 'solely for purposes of settlement where a settlement is reached before a litigated determination of the class certification issue.'" *Diakos v. HSS Sys., LLC,* 137 F. Supp. 3d 1300, 1306 (S.D. Fla. 2015) (citing *Burrows v. Purchasing Power, LLC*, No. 12–22800, 2013 WL 10167232, at *1 (S.D. Fla. Oct. 7, 2013)). "Whether a class is certified for settlement or for trial, the Court must find that the prerequisites for class certification under Rule 23(a) and (b) of the Federal Rules of Civil Procedure are met." *Id.* Rule 23(a) is satisfied when the movant shows: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(1)-(4).

Although not explicitly stated in Rule 23, the Eleventh Circuit has also required that the: 1) class representative has standing to sue; and 2) proposed class is adequately defined and clearly ascertainable. *See Prado–Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000) ("[P]rior to the certification of a class … the district court must determine that at least one named class representative has Article III standing to raise each class subclaim"); *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 984 (11th Cir. 2016) (citing *Little v. T–Mobile USA, Inc.*, 691 F.3d

1302, 1304 (11th Cir. 2012)) ("[A] plaintiff seeking to represent a proposed class must establish that the proposed class is 'adequately defined and clearly ascertainable'").

Should the movant attempt to certify a class under Rule 23(b)(3), such as the case here, two additional requirements must be satisfied. First, the movant must show that the questions of law or fact common to the class members predominate over any questions affecting individual members. Fed. R. Civ. P. 23(b)(3). Second, the movant must show that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. *Id.*

Courts must perform a "rigorous analysis" to ensure that the movant meets the Rule 23 requirements before certifying a class. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982). "All else being equal, the presumption is against class certification because class actions are an exception to our constitutional tradition of individual litigation." *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1233 (11th Cir. 2016).

## III. ANALYSIS

### A. Defining the Settlement Class

The parties must show that the Settlement Class is "adequately defined and clearly ascertainable." *Carriuolo*, 823 F.3d at 984. "An identifiable class exists if its members can be ascertained by reference to objective criteria." *Riffle v. Convergent Outsourcing, Inc.*, 311 F.R.D. 677, 680 (M.D. Fla. 2015). Such objective criteria should be administratively feasible, which means "that identifying class members is a manageable process that does not require much, if any, individual inquiry." *Id.* (citations omitted). Accordingly, if a Plaintiff fails to show that the putative class is clearly ascertainable, then the Court must deny class certification. *Id.*

The Agreement limits the Settlement Class to all New Owners who, from March 1, 2012, to the present, received a text message from Pollo Tropical, provided that the New Owner does

not fall within the specified exclusions. Doc. No. 41-1 at 6. The parties have also agreed on a method for identifying which Recycled Numbers "comprise the Settlement Class …." *Id.* The Agreement states that "the list of Recycled Numbers shall consist of such numbers … that received a text after the date of an apparent change in ownership occurred based on certain objective criteria. …." *Id.* at 6-7. The parties, however, do not explain how or why they arrived at the original population of phone numbers, the certain objective criteria used to determine whether a number is a Recycled Number, or how that criteria will be applied. *Id.*

The practical impact of the Agreement is that they have narrowed the Settlement Class to a subclass of persons associated with the Recycled Numbers, and only those persons will be sent the Proposed Notice. Doc. No. 41-1 at 6-7. In addition, only claimants who present claims regarding the Recycled Numbers may present compensable claims. *Id.* The Agreement's release, however, appears to apply to the entire Settlement Class. *Id.* at 12-13. To the extent the parties seek a release from the Settlement Class while only sending notice to and compensating a subset of the class, the parties have provided no authority supporting such relief. To the extent that the parties may have intended to propose that the list of Recycled Numbers and the Settlement Class be the same, the parties have not made that intention clear.[6]

Without more information regarding the propriety of the means and methods used to: 1) arrive at the original list of numbers the parties used; 2) establish the objective criteria for determining the list of Recycled Numbers; and 3) apply such objective criteria, the undersigned cannot determine whether the Settlement Class is adequately defined and clearly ascertainable. Doc. No. 41-1 at 6-7. *See Brown*, 817 F.3d at 1233-34 ("A district court that has doubts about

---

[6] The parties could have defined the Settlement Class to be the numbers on the list of Recycled Numbers, but that is not that the Agreement provides. Doc. No. 41-1 at 6. Similarly, the parties could have excepted from the Settlement Class those numbers that were not included in the list of Recycled Numbers, but they chose not to. *Id.*

whether 'the requirements of Rule 23 have been met should refuse certification until they have been met.'") (citations omitted). Accordingly, the undersigned recommends that the Court deny the Motion and direct the parties to provide information regarding how and why they arrived at the original list of numbers they used, the objective criteria referred to in section five of the Agreement, and how those criteria were applied to identify the Recycled Numbers.[7] Doc. No. 41-1 at 6-7.

### B. The Proposed Notice

When reviewing the settlement for preliminary approval, the Court must "review and approve the proposed form of notice to the class …" *Family Med. Pharmacy,* 2016 WL 7320885, at *5. After reviewing the Proposed Notice, the undersigned recommends that the Motion be denied because there are significant discrepancies between the Proposed Notice and the Proposed Preliminary Order. Doc. Nos. 41-3, 41-4. There are two discrepancies regarding a class member's right to object to the settlement. First, the Proposed Notice and the Proposed Preliminary Order differ as to whether an objecting class member is required to attend the final approval hearing to have their objection considered. The Proposed Preliminary Order states:

> <u>Any Class Member who objects</u> to any aspect of the Settlement, the plan of distribution, the motion for a service award to the Class Representative, and/or the motion for attorneys' fees, costs, and expenses to Class Counsel <u>may appear and be heard at the Final Settlement Approval Hearing…</u>

Doc. No. 41-3 at 5 (emphasis added). The Proposed Preliminary Order also states that the "written objections must contain a statement of the reasons for the objection, <u>and whether the Class Member</u>

---

[7] As stated in the Agreement, the list of Recycled Numbers was not attached to the Agreement. Doc. No. 41-1 at 6-7. The parties have not stated why the list was not filed with the Court. Should the parties have concerns about confidentiality, the parties should consider whether they may file the list of Recycled Numbers under seal in accordance with Local Rule 1.09.

intends to appear at the Final Settlement Approval Hearing." *Id.* (emphasis added). Thus, the Proposed Preliminary Order does not require an objecting class member to appear at the final settlement approval hearing to have the objection considered. *Id.* The Proposed Notice, however, does require an objecting class member to attend the final settlement approval hearing if they want the Court to consider their objection:

> It is not sufficient to simply state that you object; you must state the reasons why you believe the settlement should not be approved. Additionally, if you want the Court to consider your objection then you must also appear at the final approval hearing …

Doc. No. 41-4 at 3 (emphasis added).

Second, the Proposed Notice and the Proposed Preliminary Order differ regarding to whom the objections must be sent. The Proposed Preliminary Order states that a class member must submit a written notice of objection to: 1) the Clerk; 2) the Angeion Group; 3) Plaintiff's Counsel; and 4) Defendant's Counsel. Doc. No. 41-3 at 5. The Proposed Notice, however, states that objections need only be sent to the Clerk, Plaintiff's Counsel, and Defendant's Counsel. Doc. No. 41-4 at 3.

Should a party attempt to certify a class under Federal Rule of Civil Procedure 23(b)(3), notice must be provided to all class members. *Miles v. Am. Online, Inc.*, 202 F.R.D. 297, 305 (M.D. Fla. 2001). Federal Rule of Civil Procedure 23(c)(2) requires that the notice be as "best [as] practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Id.* (citing Fed. R. Civ. P. 23(c)(2)(B)). Because of the aforementioned issues, the undersigned finds the means and methods for providing notice are deficient and lacking sufficient support for approval by the Court. Accordingly, the undersigned

finds that the parties failed to establish that the Proposed Notice is the "best practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B).[8]

## IV. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that the Court:

1) **DENY** the Motion (Doc. No. 40); and

2) Allow the parties to file a renewed motion addressing the issues outlined in this Report and Recommendation.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual findings or legal conclusions the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.

Recommended in Orlando, Florida on May 15, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[8] In the Agreement, the Settlement Class is limited to "[a]ll persons who received a text message(s) on behalf of Pollo Tropical from March 1, 2012 until the present date." Doc. No. 41-1 at 6. The parties do not define what the present date is. To the extent that the parties intend the Effective Date to be the present date, the parties do not explain why the Settlement Class extends to such a date despite the fact that they have already exchanged information and created a list of Recycled Numbers. *Id.* at 6-7. To the extent the parties intend the present date to be the date the Agreement was executed, the parties did not make this intention clear. Doc. No. 41-1 at 6. Thus, the parties should clarify the definition of the "present date" in their renewed motion.