# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARK PREMAN,**

        **Plaintiff,**

**v.**                                          Case No:   6:16-cv-443-Orl-41GJK

**POLLO OPERATIONS, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF REVISED CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS (Doc. No. 48)
>
> **FILED:** July 17, 2017
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

### I.  FACTUAL BACKGROUND

The matter before the Court is a proposed class action settlement under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"). Doc. No. 48. Unless stated otherwise, the following facts are taken from the class action complaint (the "Complaint"). Doc. No. 1. Defendant operates Pollo Tropical, a Caribbean-themed restaurant with locations in Florida, Texas, Georgia, and Tennessee. *Id.* at ¶ 10. Defendant engaged in a marketing campaign which involved sending Pollo Tropical coupons via text message to consumers' cellular phones. *Id.* at ¶

12. Defendant used an automatic telephone dialing system to send the coupons. *Id.* Defendant obtained consent from mobile phone subscribers (the "Initial Owners") before sending the coupons. Doc. No. 49-1 at 3. After an Initial Owner ended their cellular phone subscription, the Initial Owner's phone number was sometimes reassigned (the "Recycled Numbers") to a new owner. *Id.* Some of those new owners (the "New Owners") would receive text coupons from Defendant. *Id.* Defendant did not obtain written consent from the New Owners to send text coupons to them. Doc. No. 1 at ¶ 12.

Plaintiff, one of the New Owners, received text coupons from Defendant between January 2015 and February 2016. *Id.* at ¶¶ 18, 20. Plaintiff did not provide express consent to receive the text coupons. *Id.* at ¶ 22. On March 17, 2016, Plaintiff, on behalf of a number of New Owners, filed the Complaint asserting two causes of action under the TCPA. *Id.* at ¶¶ 35-46. Count I alleges that Defendant negligently violated the TCPA, and Count II alleges that Defendant knowingly or willfully violated the TCPA. *Id.*

On February 3, 2017, Plaintiff filed an Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class. Doc. No. 40. On May 15, 2017, the undersigned issued a report and recommendation recommending that the Court deny the motion. Doc. No. 44. In the report and recommendation, the undersigned found that the Settlement Class was not "adequately defined and clearly ascertainable" because the motion: 1) contained little information regarding the means and methods used to arrive at the list of Recycled Numbers that make up the purported Settlement Class; and 2) did not provide a clear definition of the Settlement Class. *Id.* at 10-12. *See also Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 984 (11th Cir. 2016) (citations omitted) ("[A] plaintiff seeking to represent a proposed class must establish that the proposed class is 'adequately defined and clearly ascertainable'"). On July 17, 2017, Plaintiff filed

an Unopposed Motion for Preliminary Approval of Revised Class Action Settlement and Certification of Settlement Class (the "Motion"). Doc. No. 48.

## II. ANALYSIS

The parties have resolved some of the issues identified in the report and recommendation, particularly with regard to the means and methods used to identify the Recycled Numbers that make up the purported Settlement Class. *See* Doc. No. 49-1 at 6. The parties, however, have again failed to clearly define the Settlement Class because the Agreement and the attached settlement documents still contain inconsistent definitions of the Settlement Class. The parties' settlement agreement (the "Agreement") defines the Settlement Class as:

> All persons who received a text message(s) on behalf of Pollo Tropical from March 1, 2012 to March 15, 2017 to a telephone number that had been reassigned to the recipient after the original or prior owner of the telephone number consented to receiving such text messages from Pollo Tropical. Excluded from the Settlement Class are: (a) Defendant and its present and former officers, directors, employees, shareholders, insurers, and their successors, heirs, assigns, and legal representatives; and (b) the Court and members of the Court's staff.

(the "Agreement's Definition"). Doc. No. 49-1 at 6. Thus, the Agreement's Definition includes all New Owners who, from March 1, 2012 to March 15, 2017, received a text message from Pollo Tropical, provided that the New Owner is not: 1) Defendant and its present and former officers, directors, employees, shareholders, insurers, and their successors, heirs, assigns, and legal representatives; or 2) the Court and its staff members. *Id.* A proposed order preliminarily approving the parties' settlement and certifying the Settlement Class (the "Proposed Preliminary Order") adopts the Agreement's Definition. Doc. No. 49-3 at 3. The Agreement, however, later states that the proposed form of notice will be sent only to those identified as having a Recycled

Number, and those individuals not identified as having a Recycled Number will be excluded from the Settlement Class:

> Notice of the settlement will be mailed to the Settlement Class Members' addresses that are identified as being affiliated with each of the Recycled Numbers …. Individuals who could not be identified through the reverse telephone number look-up, or any other reasonable additional due diligence, will not be Settlement Class Members and therefore, will not be subject to the release set forth herein.

Doc. No. 49-1 at 10. Thus, the Agreement essentially creates a subclass of New Owners who were identified through a reverse telephone number look-up as having a Recycled Number. *Id.* Such subclass would receive the proposed form of notice and be bound by the Agreement's release. *Id.* The Agreement's Definition does not state that the Settlement Class is limited to the New Owners who are identified as having a Recycled Number. Doc. No. 49-1 at 6. Furthermore, the Agreement's Definition does not exclude from the Settlement Class those New Owners who were not identified as having a Recycled Number. *Id.*

Unlike the Proposed Preliminary Order, a proposed final judgment and order of dismissal with prejudice (the "Proposed Final Judgment") does not adopt the Agreement's Definition. Doc. No. 49-2 at 3. Instead, the Proposed Final Judgment uses a capitalized defined term, the "Class", and provides a separate definition of the Settlement Class:

> Individuals who inherited a cellular telephone number previously assigned to persons who provided Pollo Operations with valid consent and subsequently received a text message on behalf of Pollo Operations.

Doc. No. 49-2 at 3. The Proposed Final Judgment's definition of the Settlement Class does not include the time period stated in the Agreement's Definition. Doc. No. 49-1 at 6; Doc. No. 49-2 at 3. Furthermore, the Proposed Final Judgment's definition of the Settlement Class does not limit

the Settlement Class to those individuals identified as having a Recycled Number. Doc. No. 49-2 at 3.

Reading the Agreement in its entirety, it appears that the parties seek to limit the Settlement Class to only those individuals identified as having a Recycled Number. The Agreement's Definition, however, does not limit the Settlement Class to such individuals. Doc. No. 49-1 at 6. The parties have again failed to clearly state their intentions as to what the Settlement Class should be. Given the varying definitions of the Settlement Class throughout the Agreement, the Proposed Preliminary Order, and the Proposed Final Judgment, it is unclear which individuals will receive the proposed form of notice and be bound by the Agreement's release. Accordingly, the undersigned finds that the Settlement Class is not "adequately defined and clearly ascertainable." *Carriuolo*, 823 F.3d at 984.

The undersigned notes that the parties use a number of capitalized defined terms throughout the Agreement, the Proposed Preliminary Order, and the Proposed Final Judgment.[1] The inconsistency in the terms' definitions are predominant throughout these documents. The parties' use of such terms must be consistent, so the Court can clearly identify those who will: 1) be included in the Settlement Class; 2) receive the proposed form of notice; and 3) be bound by Agreement's release. Based on the foregoing, it is recommended that the Court deny the Motion with leave to file a renewed motion.[2]

---

[1] Such terms include but are not limited to: Settlement Class, Class Members, Members of the Settlement Class, and Recycled Numbers.

[2] The problems noted above and in the undersigned's previous report and recommendation are easily avoided through careful drafting. One method the parties may chose is to clearly define terms once in their proposed settlement agreement and incorporate such definitions throughout their other documents. Other class action settlement agreements involving the TCPA have done the same. *See Youngman v. A&B Ins. and Fin., Inc.*, 6:16-cv-1478-CEM-GJK (Doc. No. 46-1).

### III. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that the Court:

1) **DENY** the Motion (Doc. No. 48); and

2) Allow the parties to file a renewed motion addressing the issues outlined in this Report and Recommendation.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 22, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy