UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARK PREMAN,**

      **Plaintiff,**

**v.**                                             Case No: 6:16-cv-443-Orl-41GJK

**POLLO OPERATIONS, INC.,**

      **Defendant.**

                                        /

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Revised Class Action Settlement and Certification of Settlement Class (Doc. 57). United States Magistrate Judge Gregory J. Kelly issued a Report and Recommendation ("R&R," Doc. 62), in which he recommends that the motion be granted in part.

After a *de novo* review, and noting that the parties filed an Amended Joint Notice of No Objection (Doc. 65), the Court agrees with the analysis in the R&R. The Court will enter a preliminary settlement approval order consistent with the recommendations set forth in the R&R. Therefore it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 62) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Plaintiff's Unopposed Motion for Preliminary Approval of Revised Class Action Settlement and Certification of Settlement Class (Doc. 57) is **GRANTED in part** and **DENIED in part** as set forth in the R&R.

3. All deadlines in this litigation, other than those set forth in this Order, are **STAYED**.

4. The Court hereby preliminarily approves the Revised Stipulation and Agreement of Settlement ("the Settlement," Doc. 58-1), subject to further consideration at the Final Settlement Approval Hearing described below.

5. The Court hereby preliminarily certifies the Settlement Class set forth in the Settlement, subject to further consideration at the Final Settlement Approval Hearing described below.

6. John A. Yanchunis, Sr., and Jonathan B. Cohen are appointed as Class Counsel.

7. The Court approves, as to form and content, the proposed Notice (Doc. 58-4). The Court finds that the mailing and distribution of the Notice in the manner and form set forth in the Settlement meets the requirements of Federal Rule of Civil Procedure 23 and Due Process and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

8. A Final Settlement Approval Hearing shall be held before this Court **on Thursday, August 9, 2018, at 9:30 a.m.**, at the George C. Young United States Courthouse Annex, 401 West Central Boulevard, Orlando, Florida 32801, Courtroom 5B, to determine whether the proposed settlement of this litigation on the terms and conditions provided in the Settlement should be approved by the Court as fair, reasonable, and adequate to the Settlement Class Members; whether, thereafter, this litigation should be dismissed with prejudice; whether the proposed plan of distribution, as set forth in the Notice, should be approved; whether the Class Representative shall be given a service award and in what amount; and whether the motion of Class Counsel for the payment of attorneys' fees, costs, and expenses

incurred in connection with this litigation should be granted and, if so, in what amounts. The Court may adjourn the Final Settlement Approval Hearing without further notice to the Settlement Class Members.

9. The Angeion Group or its successor is hereby appointed as Settlement Administrator to supervise and administer the notice procedure as more fully set forth below:

    a. **On or before May 17, 2018**, Class Counsel shall cause the Settlement Administrator to mail to all Settlement Class Members a copy of the Notice, substantially in the form as provided to this Court;

    b. **On or before May 22, 2018**, Class Counsel shall cause the Settlement Administrator to have the Notice posted on the Settlement website;

    c. **On or before August 2, 2018**, Class Counsel shall cause to be served on Defendant's counsel and filed with the Court proof, by affidavit or declaration, of such mailing.

10. All Settlement Class Members shall be bound by all determinations and judgments in this litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

11. Any Settlement Class Member may enter an appearance in this litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If any Settlement Class Member does not enter an appearance, he, she, or it will be represented by Class Counsel.

12. Any Settlement Class Member who objects to any aspect of the Settlement, the plan of distribution, the motion for a service award to the Class Representative,

and/or the motion for attorneys' fees, costs, and expenses to Class Counsel may appear and be heard at the Final Settlement Approval Hearing; provided, however, that any such person must submit a written notice of objection **on or before June 25, 2018**, to each of the following:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
George C. Young United States Courthouse
401 West Central Boulevard
Orlando, Florida 32801

THE ANGEION GROUP
1801 Market Street, Suite 660
Philadelphia, PA 19103

JOHN YANCHUNIS
MORGAN & MORGAN COMPLEX LITIGATION GROUP
201 N. Franklin Street, 7th Floor
Tampa, FL 33602

JEFFREY J. MAYER
AKERMAN LLP
71 S. Wacker Drive, 46th Floor
Chicago, IL 60606

13. The written objections must contain a statement of the reasons for objection. Any Settlement Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Settlement, to the plan of distribution or to the provision of a service award to the Class Representative, or to the award of attorneys' fees, costs, and expenses to Class Counsel, unless otherwise ordered by the Court. However, the Settlement Class Member may choose to have his, her, or its objection decided without attending, and the Court will consider such objection.

14. **On or before July 30, 2018**, all papers in support of the Settlement, the plan of distribution, the awarding of a service award, and any application by Class Counsel for attorneys' fees, costs, and expenses shall be filed and served. On or before the same date, Class Counsel shall advise the Court as to the amount of time needed for the Final Settlement Approval Hearing. **On or before August 6, 2018**, all reply memoranda in support of such motions shall be filed and served.

15. Neither Defendant, the Released Parties, nor Defendant's counsel shall have any responsibility for the application for attorneys' fees, costs, or expenses submitted by Class Counsel (other than responding in full to any inquiries from the Court), and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

16. At or after the Final Settlement Approval Hearing, the Court shall determine whether the plan of distribution proposed by Class Counsel and any motion for attorneys' fees, costs, or expenses shall be approved.

17. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Settlement. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Plaintiff nor Class Counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to the Settlement.

18. Neither the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendant of the truth of any of the allegations in this litigation,

or of any liability, fault, or wrongdoing of any kind, or as an admission or concession by Plaintiff that liability against Defendant did not exist or that the amount recoverable was not greater than the Settlement amount.

19. Pending final approval of the Settlement, all parties and Class Members shall be barred from prosecuting any Released Claim(s).

20. The Court retains jurisdiction to consider all further motions arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

**DONE** and **ORDERED** in Orlando, Florida on May 9, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record